UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

NANCY MAHE,

                Plaintiff,           16 Civ. 9478 (RWS)

  -against-                        OPINION

TZELL TRAVEL, LLC, a/k/a TZELL TRAVEL
GROUP, LLC, a/k/a and/or d/b/a TZELL FIFTH
AVENUE, LTD and DOLORES SUAREZ, In Her
Individual and Official Capacities,

                Defendants.

------------------------------------------x

A P P E A R A N C E S :

    Attorneys for Plaintiff

    PHILLIPS & ASSOCIATES
    45 Broadway, Suite 620
    New York, NY 10006
    By:  Gregory Calliste, Jr. Esq.
         Steven Fingerhut, Esq.

    Attorneys for Defendants

    SEYFARTH SHAW LLP
    620 Eighth Avenue
    New York, NY 10018
    By:  Cameron Smith, Esq.
         Joanne Seltzer, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/8/17

**Sweet, D.J.**

Defendants Tzell Travel, LLC ("Tzell Travel"), Tzell Fifth Avenue, Ltd. ("TFA"), and Dolores Suarez ("Suarez") (collectively, the "Defendants") have moved to dismiss the complaint of the Plaintiff Nancy Mahe ("Mahe" or the "Plaintiff") (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) or Federal Rule of Civil Procedure 12(c) and to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.

Based on the conclusions set forth below, Defendants' motion is granted in part and denied in part. The action is stayed and the parties are directed to proceed to arbitration.

**I. Facts**

The Complaint sets forth the following allegations, which are assumed true for the purpose of this motion to dismiss. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012).

From approximately June 1996 through July 2016, Plaintiff worked for Defendants as a travel agent. (Compl. ¶¶ 18, 43, Dkt. 4.) While employed by Defendants, Plaintiff regularly would

1

overhear Suarez, Plaintiff's manager, make derogatory remarks about Hispanics, African-Americans, and immigrants. (See Compl. ¶¶ 24-38.) Plaintiff initially kept silent during such incidents for fear of retribution or termination. (Compl. ¶ 27.)

In July 2016, after another such incident, Plaintiff emailed Suarez to inform her that Plaintiff thought Suarez's comments created a "hostile work environment." (Compl. ¶ 41.). Within forty-five of Plaintiff's email, Suarez fired Plaintiff. (Compl. ¶ 43.)

As a result of the termination, Plaintiff was offered a severance agreement, (see Declaration of Cameron Smith dated February 7, 2017 ("Cameron Decl."), Ex. B (the "Agreement")), which contained a "severance payment of $20,000 (minus applicable taxes and withholdings)" along with three weeks' salary and medical benefits. (Agreement ¶¶ 2, 4; see Compl. ¶ 49-50.) After reviewing the Agreement and communicating with Defendants about its terms, Plaintiff accepted the offer and signed. (Compl. ¶¶ 51-53.) The Agreement stated it became "immediately binding and enforceable upon execution by Employee." (Agreement ¶ 17.)

As part of the Agreement, Plaintiff agreed to cooperate "in the orderly transition of her duties and responsibilities." (Agreement ¶ 7(g).) Plaintiff also agreed to a general release clause for all of her claims against Defendants arising out of "Employee's relationship with the Company, or the termination of Employee's relationship with the Company." (Agreement ¶ 5.)

The Agreement also contained an arbitration clause where the Parties mutually agreed that "any dispute arising between the Parties under this Agreement, under any statute, regulation or ordinance, under any employment agreement, offer letter or other agreement, and/or in connection with the Employee's employment or termination thereof shall be submitted to binding arbitration" for resolution on a strictly confidential basis. (Agreement ¶ 11.)

In the event of a material breach of the Agreement by Plaintiff, the Agreement provided that TFA would have no further obligations to Plaintiff under the Agreement and would be entitled to recoup the amounts paid to Plaintiff pursuant to the Agreement, plus reasonable attorneys' fees and costs incurred in recouping such amounts, (Agreement ¶ 12(a)-(b)); in addition, all of Plaintiff's promises, covenants, representations, and

warranties would remain in full force and effect. (Agreement ¶ 12(d).)

After signing the Agreement, Defendants wired Plaintiff $12,352.92 to her bank account. (Compl. ¶ 55.) Plaintiff emailed Defendants indicating she believed there had been error in payment to her, which Defendants said they would investigate. (Compl. ¶ 55.) Shortly thereafter, Defendants requested Plaintiff return to Defendants' office to train Suarez on aspects of Plaintiff's job, which Plaintiff refused because she continued to view the environment as hostile. (Compl. ¶¶ 56-57.) In response, Defendants withdraw the previously wired money from Plaintiff's bank account. (Compl. ¶¶ 59-60.)

When the Plaintiff "called Defendants to find out why her payment was taken back[,] Plaintiff was told that . . . Defendants refused to acknowledge their offer, or the agreement in total[,] and that there would be no severance payment." (Compl. ¶ 62.) The Complaint further alleges that Plaintiff, who was in a "distraught state[,] began crying during the conversation [when] Defendants' representative Patrico Suarez [Suarez's son] informed Plaintiff that they 'did not care how much Plaintiff cried,' they would not honor the severance

4

agreement and it would be Plaintiff's word against theirs if she tried to enforce the agreement." (Compl. ¶¶ 61-63.)

II. **Prior Proceedings**

On November 18, 2016, Plaintiff filed her Complaint alleging discrimination violations under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Executive Law of the New York State (Human Rights Law) (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL"). (Compl. ¶¶ 75-161.) The Complaint also alleged a claim for breach of contract between the parties as to the Agreement. (Compl. ¶¶ 162-69.)

Defendants filed the instant motion on February 7, 2017 (Dkt. 16), which was heard and marked fully submitted on March 23, 2017.

III. **Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint

5

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) uses the same standard applicable to a motion brought under Fed. R. Civ. P. 12(b)(6). See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

**IV. Agreement is Relied Upon by Plaintiff**

Plaintiff contends that the Agreement, which Defendants attached to their supporting memorandum of law, is "material[] presented outside the pleadings," and therefore either "must be disregarded" by the Court or may considered only on a motion for summary judgment.[1] (Pl.'s Mem. in Opp. at 7.) In this case, that is incorrect.

The Second Circuit has held that documents referenced in or integral to a complaint may be considered in connection with a motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d

---

[1] The Court need not address Plaintiff's similar contention with regard the Declaration of Dolores Suarez dated February 7, 2017, (see Pl.'s Mem. in Opp. at 9), a document also submitted alongside Defendants' supporting motion papers, (Dkt. 18). That issue, and the document, are unnecessary to the instant resolution.

7

147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." (quoting Int'l Audiotext Network Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

In the present case, the Agreement is specifically referenced in the Complaint; in fact, its existence constitutes the basis for Plaintiff's breach of contract claim. (See Compl. ¶¶ 162-69; Pl.'s Mem. in Opp. at 8.) Furthermore, there has been no disagreement that the Agreement provided by Defendants is an accurate copy of the document Plaintiff signed upon her termination. Given Plaintiff's "reliance on the terms and effect of the document in drafting the complaint" and there being "no dispute exist[ing] regarding the authenticity or accuracy of the document," the Agreement is properly considered on the instant motion. Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 258-59 (S.D.N.Y. 2008); see also Acquest Holdings, Inc. v. Travelers Cas. & Sur. Co. of Am., 217 F. Supp. 3d 678, 685 (W.D.N.Y. 2016) (incorporating by reference a proof of loss policy attached to defendant's motion to dismiss).

## V. **The Motion to Compel Arbitration is Granted**

The FAA provides, in relevant part, that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision of the FAA establishes "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also Schreiber v. K-Sea Transp. Corp., 9 N.Y.3d 331, 337, 849 N.Y.S.2d 194 (2007) (citing Moses H. Cone, 460 U.S. at 24).

In deciding whether parties can be compelled to arbitrate federal causes of action pursuant to the FAA, a court must determine: (1) whether the parties agreed to arbitration; (2) the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the case are arbitrable, it must determine whether to stay the balance of the proceedings pending arbitration. JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004). For claims involving non-federal statutes, the test is shorter: (1) whether the parties agreed to arbitrate disputes at all and (2)

9

whether the dispute at issue comes within the scope of the arbitration agreement. ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co., 307 F.3d 24, 28 (2d Cir. 2002).

Those requirements have been met here. The Agreement contains an arbitration clause, under which the parties mutually acceded to arbitrate and which neither party disputes was entered into willingly. (See Pl.'s Mem. in Opp. at 10; Defs.' Mem. in Supp. at 16.) Claims brought under Section 1981, the NYSHRL, and the NYCHRL are arbitable and fall within the arbitration clause's scope as being "in connection with Employee's employment, or termination thereof." (Agreement ¶ 11); see Lawrence v. Sol G. Atlas Realty Co., 841 F.3d 81, 83 (2d Cir. 2016); Johnson v. Tishman Speyer Properties, L.P., No. 09 Civ. 1959 (WHP), 2009 WL 3364038, at *3 (S.D.N.Y. Oct. 16, 2009). The breach of contract claim likewise falls within under the arbitration clause by definition of being a "dispute arising . . . under th[e] Agreement." (Agreement ¶ 11.) The Agreement's arbitration clause remains in effect because, despite Plaintiff's contention, Defendants' statements and rescission of wired moneys do not amount to a material breach of the Agreement, as there remained other significant provisions of the Agreement in addition to the severance payment which are not claimed to have been breached. See Wechsler v. Hunt Health Sys.,

10

Ltd., 330 F. Supp. 2d 383, 414 (S.D.N.Y. 2004) (quoting Felix Frank Assocs., Ltd. v. Austin Drugs, Inc., 111 F.3d 284, 289 (2d Cir. 1997)) ("Under New York law, a material breach is a breach that "go[es] to the root of the agreement between the parties," and "is so substantial that it defeats the object of the parties in making the contract.").

In light of guiding federal policy and the parties' agreement to arbitrate all the claims brought by Plaintiff in her Complaint, the matter will therefore be submitted to arbitration. See 9 U.S.C. § 4.

In ordering arbitration, as Defendants have sought a dismissal of the Complaint rather than a stay of the action. Therefore, the Court "has discretion whether to stay or dismiss Plaintiffs' action under the FAA." Zambrano v. Strategic Delivery Sols., LLC, No. 15 Civ. 8410 (ER), 2016 WL 5339552, at *10 (S.D.N.Y. Sept. 22, 2016) (citing Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015)). As the Second Circuit has found, in accordance with the FAA's statutory scheme, "a stay permits the parties to move their dispute 'out of court and into arbitration as quickly and easily as possible.'" Id. (quoting Katz, 794 F.3d at 346). "A stay will also permit the parties to avoid the burden of additional litigation and proceed to

11

mediation and arbitration directly." Hamzaraj v. ABM Janitorial Ne. Inc., No. 15 Civ. 2030 (ER), 2016 WL 3571387, at *5 (S.D.N.Y. June 27, 2016) (collecting cases). Accordingly, Plaintiff's action is stayed pending arbitration.

**Conclusion**

For the foregoing reasons, Defendants' motion to compel arbitration is granted and motion to dismiss Plaintiff's complaint is denied. This action is stayed pursuant to Section 3 of the FAA.

It is so ordered.

**New York, NY**
**June 8, 2017**

_____
ROBERT W. SWEET
U.S.D.J.